FILED
CLERK, U.S. DISTRICT COURT
6/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: asi DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD SHAFEEG POPAL,<br>aka "Shafiq Popal,"<br>aka "Yama Popal,"<br><br>Defendant. | CR 2:25-cr-00528-JLS<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about October 2, 2024, in Los Angeles County, within the Central District of California, defendant MOHAMMAD SHAFEEG POPAL, also known as ("aka") Shafiq Popal, aka "Yama Popal," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1. A Ruger, model Ruger-57, 5.7x28 caliber pistol, bearing serial number 641-98476;

2. A Glock, model 43, 9mm caliber pistol, bearing serial number AGSY761;

3. Three rounds of Winchester 9mm caliber ammunition;

4. Thirty-three rounds of Federal Cartridge 9mm caliber ammunition;

5. Thirty-nine rounds of Lake City 9mm caliber ammunition;

6. Two rounds of Giulio Fiocchi Lecco 9mm caliber ammunition;

7. One round of X-Treme Bullets 9mm caliber ammunition;

8. One round of Cascade Cartridge Inc. 9mm caliber ammunition;

9. One round of Prvi Partizan 9mm caliber ammunition; and

10. Twenty-one rounds of Fabrique Nationale Herstal 5.7x28mm caliber ammunition.

Defendant POPAL possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Contra Costa, Case Number 05-172259-4, on or about May 23, 2018 (count one);

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Contra Costa, Case Number 05-172259-4, on or about May 23, 2018 (count three);

3. Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Napa, Case Number 18-CR-3356, on or about January 18, 2019;

4. False Personation of Another, in violation of California Penal Code Section 529, in the Superior Court of the State of California, County of Napa, Case Number 18-CR-3356, on or about January 18, 2019;

5. Escape, in violation of California Penal Code Section 4532(b)(1), in the Superior Court of the State of California, County of Contra Costa, Case Number 05-190273-3, on or about April 15, 2019;

6. Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Santa Clara, Case Number B1897342, on or about January 23, 2020; and

7. Receipt of Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Santa Clara, Case Number B1897342, on or about January 23, 2020.

COUNT TWO

[18 U.S.C. § 922(o)(1)]

On or about October 2, 2024, in Los Angeles County, within the Central District of California, defendant MOHAMMAD SHAFEEG POPAL, also known as ("aka") "Shafiq Popal," aka "Yama Popal," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), namely, a Polymer80, model PF940V2, 9mm caliber, pistol, bearing no serial number, equipped with a machinegun conversion device (also known as a "Glock switch," "trigger switch," "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun, and which defendant POPAL knew to be a machinegun.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. If so convicted, the defendant shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
Transnational Organized Crime Section